[Civil No. 1435.  Filed June 19, 1915.]

[149 Pac. 670.]

MOHAVE COUNTY, Appellant, v. W. B. STEPHENS, Appellee.

1. COURTS—ARIZONA SUPREME COURT—JURISDICTIONAL AMOUNT.—The notice of protest, on appeal from the ruling of the board of equalization to the superior court in a proceeding to reduce an assessment for taxation, must set forth the reasons why appellant objects, and state the amount he considers as excessive, or wherein it is erroneous. The protest was against the payment of taxes for 1914 as levied or assessed by the county, and on appeal the levy was reduced from $484 to $326, a reduction of $157, whereupon the county appealed to the supreme court. *Held* that, as the validity of the tax was not and could not be questioned, but only the value or quantity of the property assessed, the appeal was not within the exception permitting the appeal to the supreme court where the amount does not exceed $200 unless involving the validity of a tax or assessment, but that, as the whole assessment of $484 was questioned, the amount in dispute brought the appeal within the supreme court's jurisdiction.

2. TAXATION—EQUALIZATION—APPEAL—STATUTES — "COURT" — "FINAL JUDGMENT"—"FINAL ORDER"—"ORDER."—Under Civil Code of 1913, paragraph 4887, containing the whole law of the subject, and providing a summary method for contesting an assessment for taxes, as fixed by the board of equalization, by a special proceeding with prescribed issues, procedure and form of judgment, but not providing for an appeal, there was no appeal to the supreme court from a final judgment of the superior court in such special proceeding on appeal from the county board of equalization, since under paragraph 1227, subdivision 1, allowing an appeal to the supreme court from a final judgment entered in an action or special proceeding, commenced in the superior court or brought thereto from any other "court," a board of equalization is not a "court," and since subdivi-

sion 6, allowing an appeal from a final order affecting a substantial right, made in special proceedings, applies to a final order in a special proceeding "commenced in the superior court or brought into a superior court from any other court," and "final order" as used therein is not a "final judgment" as used in paragraph 1228, defining "final judgment" as a judgment entered in an action originating in the superior court, or one brought to that court, and defining every other order of a superior court as an "order."

3. CONSTITUTIONAL LAW — SELF-EXECUTING PROVISIONS — BOARD OF EQUALIZATION—APPEAL—CONSTITUTIONAL PROVISIONS.— Constitution, article 6, section 4, giving the supreme court appellate jurisdiction in all actions and proceedings, except in civil actions at law for recovery of money or personal property where the original amount in controversy and the value of the property does not exceed $200, unless the action involves the validity of a tax, etc., while conferring an appellate jurisdiction which the legislature cannot take away, is not self-executing, but may lie dormant, and, in the absence of legislative provisions defining the procedure or method of bringing it before the court, gives the supreme court no jurisdiction of a county's appeal from a final judgment of a county superior court, reducing an assessment of the board of equalization by $157.

[As to self-executing constitutional provisions as to taxation, see note in **Ann. Cas. 1914C, 1116.**]

4. TAXATION—EQUALIZATION—APPEAL—CONSTITUTIONAL AND STATUTORY PROVISIONS.—Under Constitution, article 9, section 11, providing that the manner of assessing, equalizing and levying taxes shall be such as prescribed by law, assessment of taxes and valuations of property are under supervision of the legislative department, and where it has provided that the property shall be listed and valued by assessors, and equalized by the board of equalization, and that a dissatisfied taxpayer may appeal from the board to the superior court, but giving no appeal to the supreme court, the supreme court has no jurisdiction of an appeal from the superior court.

5. TAXATION—EQUALIZATION—APPEAL OF COUNTY.—Under Civil Code of 1913, paragraph 4887, containing the whole law on the subject and providing a summary method for contesting assessments for taxes as fixed by the board of equalization, but providing no appeal to the supreme court, the county can neither appeal from the decision of the board of equalization nor from the verdict and judgment on the taxpayer's appeal to the superior court.

APPEAL from a judgment of the Superior Court of the County of Mohave. Carl G. Krook, Judge. Motion to dismiss appeal granted.

Mr. C. W. Herndon, County Attorney, for Appellant.

Mr. Ross H. Blakely, for Appellee.

ROSS, C. J.—The appellee being dissatisfied with his assessment for the year 1914, as equalized, paid the whole tax under protest as provided in paragraph 4887 of the Civil Code of 1913, and took necessary steps to appeal to the superior court of Mohave county. In the superior court a jury trial was had, resulting in a verdict reducing the appellee's assessment from $484.04 to $326.58; the reduction being $157.46.

The appellee moves to dismiss the appeal for the want of jurisdiction in this court. He asserts that the amount in controversy is only $157.46, and that it does not involve the validity of a tax, impost, assessment, toll, municipal fine or statute, and therefore no appeal can be had. That it is not within the exception permitting an appeal to this court, where the amount in dispute does not exceed $200, we think is clear. The validity of the tax or assessment was not questioned, and could not be questioned, in that proceeding. It was the value or quantity of property that was being questioned. The total value of appellee's property after equalization was fixed at $35,855, and the total taxes thereon amounted to $484.04. The notice of protest by appellee, upon the appeal from the board of equalization to the superior court, is required to set forth the reasons why he objects to his assessment. If it is excessive, he should so state in his protest, and he should give the amount he considers as excessive. Or, if he bases his protest upon an erroneous assessment, he should show wherein it is erroneous. The protest in this case is "against the payment of my taxes for the year 1914, as said taxes have been levied and assessed by the county assessor." From this protest, if it may be considered as a protest, it seems the whole assessment was questioned. If that be true, and there is no dodging that conclusion, then there was in dispute, not $157.46, the amount of the verdict and judgment, but the whole tax of $484.04. We conclude that the first point is not well taken, the amount in controversy clearly appearing to be in excess of $200.

There is, however, another objection raised by appellee, to this court's jurisdiction of the appeal, and it would seem to

be well taken. He contends that there is no provision of the law allowing an appeal from a judgment of the superior court in this kind of a proceeding, and that the judgment of that court is final and conclusive of the rights of the parties. He supports his contention by the language of paragraph 4887, *supra,* which contains the whole law on the subject. It provides a summary method to a dissatisfied taxpayer of contesting the amount of his assessment as fixed by the board of equalization. It is a special proceeding of a remedial nature, complete in itself. It provides for the forming of issues, and what they shall be; the trial procedure and the kind of judgment to be entered. It does not provide for an appeal. It may be stated as a general proposition that where a tribunal is given jurisdiction of a special proceeding, such as this, in which the procedure is not in accordance with the course of the common law, there is no appeal from its judgment, unless expressly provided for by some statute or by some constitutional provision. The general statutes on appeal are not ordinarily construed as comprehending the orders and judgments in such special proceeding. 2 Cyc. 540; *Renaud* v. *State Court of Mediation and Arbitration,* 124 Mich. 648, 83 Am. St. Rep. 346, 51 L. R. A. 458, 83 N. W. 620; *Bishop* v. *Perrin,* 3 Ariz. 350, 29 Pac. 648.

In this case, the language of the general statutes on appeal is such as to foreclose a construction broad enough to include this special proceeding. The statutes and parts of statutes in point are:

Paragraph 1226, Civil Code 1913: "A judgment or order in a civil action or proceeding or in a probate proceeding may be reviewed by appeal as prescribed in this chapter, and not otherwise."

Paragraph 1227, Id.: "An appeal may be taken to the Supreme Court from a superior court in the following cases: (1) From a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court. (2) . . . (3) . . . (4) . . . (5) . . . (6) From a final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment. (7) . . . "

Paragraph 1228, Id.: "Every final judgment of a superior court in any action or proceeding originally brought in such

court or brought into that court from another court, except probate proceedings, shall be deemed a final judgment. Every order, judgment or decree of a superior court in a probate proceeding and every order other than a final judgment as above defined shall be deemed an order, within the meaning of this chapter.''

If the judgment sought to be reviewed is not one of the kind described above, the general law on appeals does not apply. Only those judgments, or orders in civil actions or proceedings, may be reviewed for which the statute has made provision. The appeal, to be sure, is from a final judgment, but it is not a ''final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court.'' It is an appeal from a final judgment entered in a special proceeding brought into the superior court of Mohave county from the board of equalization of that county. A board of equalization is not a court, even though in some cases it may exercise judgment and discretion. Therefore it is plain that the terms of subdivision 1, section 1227, *supra*, do not comprehend the judgment from which this appeal is prosecuted. And should we conclude that the ''final order'' mentioned in subdivision 6, *supra*, is the equivalent to ''final judgment,'' still that subdivision undoubtedly has application to ''a final order affecting a substantial right made in a special proceeding'' ''commenced in the superior court or brought into a superior court from any other court.'' In fact, it would seem that all the orders, judgments, and decrees mentioned in paragraph 1227 must be orders, judgments, and decrees entered in the superior court in actions or proceedings commenced therein or brought to that court from some other court. These words of original jurisdiction pervade the whole of section 1227, and limit the appellate jurisdiction of this court to a review of orders and judgments in actions originating in a court of statutory or constitutional creation.

Paragraph 1228, *supra*, defines ''final judgment'' as a judgment entered in an action originating in the superior court or one brought to that court from another court, and every other order, including orders, judgments, and decrees of a superior court in probate proceedings, is defined as an ''order.'' Therefore a ''final order,'' as used in subdivision 6,

is to be treated on appeal not as a "final judgment," but as an "order." This appeal is not from an order or final order. It is from the judgment. We cannot treat the judgment as a "final order affecting a substantial right in a special proceeding" to aid the appeal, for the reason that the special proceeding did not originate in any court known to the laws of Arizona. In the very liberal effort by the legislature to provide for appeals from all kinds of orders, judgments and decrees, it evidently had in view actions and proceedings of court origin only, and not proceedings originating in a board of equalization.

It may be suggested that the Constitution itself confers jurisdiction of this appeal. Section 4, article 6, of that instrument, provides:

"It (Supreme Court) shall have appellate jurisdiction in all actions and proceedings, but its appellate jurisdiction shall not extend to civil actions at law for recovery of money or personal property where the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, unless the action involves the validity of a tax, impost, assessment, toll, municipal fine, or statute."

It may be seriously, indeed successfully, questioned, as to whether the word "proceedings" as it occurs in the above constitutional provision is all-embracing enough to include a special proceeding originating, as this one does, before the county board of equalization. The more natural construction of the word would be to limit its meaning to proceedings of court origin as we think the legislature has done.

But conceding for the sake of the argument that the word is comprehensive enough to cover this and like proceedings, we find the supreme court vested with appellate jurisdiction. That is, it has power to hear and determine the controversy, and may do so, provided the legislative branch of the government has devised a procedure or method of bringing it before the court. There is a difference between appellate jurisdiction and the right of appeal. The constitutional appellate jurisdiction cannot be taken from the court, but it may lie dormant, until the legislature points out when and how it may be called into life. It is not self-executing. The above-quoted part of section 4, article 6, of our Constitution, is

taken almost word for word from the Washington Constitution. In *Western American Co.* v. *St. Ann. Co.,* 22 Wash. 158, 60 Pac. 158, it was insisted that this provision conferred upon the supreme court the power to hear the appeal without legislative aid. The court took the contrary view, holding that:

"In the absence of a prescribed method of appeal, designated either by the legislature or by the rules of the court, an appeal cannot be entertained."

The New Mexico Constitution provides (section 2, article 6) that:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the state, and shall extend to all final judgments and decision of the district courts."

And in the case of *State* v. *Chacon,* 19 N. M. 456, 145 Pac. 125, it was decided that this provision simply defined the appellate jurisdiction of the supreme court of that state, and did not undertake to grant a right of appeal to that court. In support of the court's construction of the New Mexico constitutional provision, which in effect is the same as ours, the court cites in its opinion a long list of cases, all of which sustain that construction.

There is another consideration of this kind of proceeding that convinces us that we are without jurisdiction of this appeal. The departments of state are divided into three—the executive, the judicial and the legislative. Section 11, article 9, of the Constitution provides that:

"The manner, method and mode of assessing, equalizing and levying taxes in the state of Arizona shall be such as may be prescribed by law."

Assessment of taxes and valuations of property are subject matters expressly under the control and supervision of the legislative department, made so by the organic law. It would properly belong there without the grant contained in the Constitution, as taxation has always been recognized a subject of legislation. When the legislature has provided a system by which the property in the state is to be assessed and valued for purposes of taxation, that system limits the powers and actions of assessing and equalizing officers to its provisions. It is for the legislature to prescribe the manner,

method and modes of assessing and equalizing and taxing property. It has a wide power and discretion. It has provided in this state that property shall first be listed and valued by assessors; that it shall then be equalized by a board of equalization, and then, if the taxpayer is dissatisfied with the assessment as fixed by the board of equalization, he may appeal to the superior court, but it stops there. As is said in *Mackin* v. *Taylor County Court*, 38 W. Va. 338, 18 S. E. 632:

"The taxpayer is confined to the redress accorded by the legislature in its grace; and this, because it is matter of taxation confided exclusively to the legislature, which can give just such remedy for correction or none, as it deems proper; and, the matter being legislative and not judicial, the courts cannot interfere. Cooley on Taxation, 528, 529; *Insurance Co.* v. *Pollak*, 75 Ill. 292; 2 Desty on Taxation, 623; *Wade* v. *Commissioners*, 74 N. C. 81; *Stewart* v. *Maple*, 70 Pa. 221; *International etc. R. Co.* v. *Smith Co.*, 54 Tex. 2; *Gilpatrick* v. *Inhabitants*, 57 Me. 277, and cases cited; *Osborn* v. *Inhabitants*, 6 Pick. [Mass.] 98. . . . The legislature having accorded to the taxpayer an appeal from the county court to the circuit court, and provided for no appeal to this court, negatives an intent to allow an appeal to this court. It knew that without an allowance of such appeal none could be had. There is good reason for the omission to concede such appeal. The act grants an appeal from the commissioner to the county court and from it to the circuit court. Should it go further, and allow application to this court, and thus enable everyone disposed to litigate his assessment so far, and in large measure hamper and embarrass the collection of revenue necessary for the operation of government?" 2 R. C. L. 30.

Paragraph 4887, *supra*, gives the right of appeal from the decision of the board of equalization to the superior court to the taxpayer only. The county cannot appeal from their decisions. The relief from an excessive or erroneous assessment by the assessing and equalizing officer may be sought by the dissatisfied taxpayer. The relief is not open to a dissatisfied county. The county could neither appeal from the decision of the board of equalization, nor from the verdict and judgment in the superior court. Like a dissatisfied tax-

payer, it must be content to accept the remedies given it by the legislature, and, if no remedies are given it, still it cannot complain.

The motion to dismiss the appeal is granted.

FRANKLIN and CUNNINGHAM, JJ., concur.