[Civil No. 1668.    Filed July 2, 1919.]

[181 Pac. 955.]

THE STATE OF ARIZONA and THE COUNTY OF GILA, Appellants, v. INSPIRATION CONSOLIDATED COPPER COMPANY, a Corporation, Appellee.

1. TAXATION—RIGHT OF APPEAL—"FINAL JUDGMENT"—COMMENCEMENT OF ACTION.—Where state tax commission, as authorized by Civil Code of Arizona of 1913, paragraph 4829, subdivision 13, substituted its valuation and assessment of mines for that of county assessor, and the owner, after payment under protest, appealed to superior court under paragraph 4887, where commission's valuation was reduced, owner's notice of appeal and receipt of payment accompanying its protest, was a compliance with Civil Code of Arizona, paragraph 390, relating to commencement of a civil suit in superior court, in order to determine cash value, and not a proceeding to review, and that court's determination was equivalent to a "final judgment" in a special tax proceeding commenced in superior court, which, under Civil Code of Arizona, paragraph 1227, subdivision 1, is appealable to supreme court.

2. TAXATION—APPEAL FROM ASSESSMENT—TIME FOR APPEAL—STATUTE.—Under Civil Code of Arizona of 1913, paragraph 4887, permitting any corporation, etc., dissatisfied with assessment fixed by board of equalization, to appeal to superior court of county on or before the fifteenth day of September following board's adjournment where a corporation's appeal to superior court from act of state tax commission in appraising and assessing its mines, in substitution of assessment of county assessor, was not taken until three days after the fifteenth day of September, the state's demurrer should have been sustained.

3. TAXATION—APPEAL FROM ASSESSMENT—STATUTES APPLICABLE.—Civil Code of Arizona of 1913, paragraph 4887, permitting any corporation dissatisfied with its assessment as fixed by board of equalization to appeal to superior court of county in which board holds its sessions on or before a certain date, has no application to the matters of taxation as required by orders of state tax commission, so that, on appeal from commission's valuation and assessment, the superior court acted in excess of its jurisdiction in reducing the commission's valuation.

APPEAL from a judgment of the Superior Court of the county of Gila. G. W. Shute, Judge. Reversed and dismissed.

Mr. Wiley E. Jones, Attorney General, and Mr. L. B. Whitney, Mr. Clyde M. Gandy, Mr. F. ʿJ. K. McBride, and Mr. Alexander B. Baker, Assistant Attorneys General, for Appellants.

Mr. Edward W. Rice, for Appellee.

CUNNINGHAM, C. J.—The mines of the appellee were appraised and assessed for taxes by the state tax commission under authority of paragraph 4829, Revised Statutes of Arizona of 1913, subdivision 13, viz.:

"It shall be the duty of the said commission, and it shall have the power and authority: (1) To have and exercise general supervision over the administration of the assessment and tax laws of the state, over city, town, and county assessors, over county and city boards of equalization, boards of supervisors, and all local boards of levy and assessments, to the end that all assessments of property of every class, kind, and character, real, personal, and mixed, be made at its full cash value; and to require assessors and county boards of equalization to assess all property of every class, kind, and character at its full cash value. . . .

"(13) To make appraisement and assessment . . . of all patented and unpatented producing mines, within the state. And on or before the second Monday of July to transmit, as provided by law, to the several county boards of supervisors, the assessed valuation found by it . . . on all patented and unpatented producing mines to the several county boards of supervisors of the counties in which the mines are located. The several county boards of supervisors shall enter on the roll all assessments transmitted to them by the state tax commission. . . ."

The mines of the appellee in Gila county were assessed for taxes for the year 1917 by the county tax assessor. The valuation placed thereon did not meet with the approval of the state tax commission, and, as a consequence, the state tax commission duly considered the matter of valuation of said mines, and proceeded to assess the same on the valuation said commission placed on the mines, under authority of paragraph 4829, *supra.* The said state tax commission ordered the board of supervisors of Gila county "to strike the assessment made by the county assessor from the tax-roll, and to enter instead the assessment made by the state tax commission." The ap-

pellee paid the amount of taxes levied on the valuation placed on said mines by the state tax commission, under protest, and gave notice of appeal to the superior court, following the procedure set forth in paragraph 4887, Revised Statutes of Arizona of 1913.

The appellee's notice of appeal is to the effect that—

It "hereby appeals from the action of the state tax commission or county assessor, fixing the valuation of the producing mines" in Gila county, Arizona, for purposes of taxes for the current fiscal year.

"This appeal is based upon the written protest of this company, addressed to and filed with the county treasurer and county tax collector of Gila county, Arizona. Copies of said protest and of the receipt of the full amount of taxes due from this company are attached hereto.

"Dated at Globe, Arizona, this 15th day of September, 1917."

This notice was filed in the office of the clerk of the board of supervisors of Gila county, September 15, 1917, and with the state tax commission on September 18, 1917.

The protest is addressed to the county treasurer and *ex-officio* tax collector of the said county, and recites that the company owning the producing mines and other property in said county "pays you this day, under protest, the sum of $624,224.14, being the full amount of taxes levied and assessed upon said mines and other property by the state tax commission or the county assessor in accordance with the valuation for tax purposes as fixed by the state tax commission or the county assessor for the current fiscal year. This company protests against these taxes, and against this assessment and against the amount thereof upon the following grounds:

"(1) The assessment is erroneous for the reason that the same is based wholly upon the profits of this company from said mines for the years 1915 and 1916, capitalized at 15 per cent. whereas the assessment of other producing mines of the same class in this state is based wholly upon the average profits of such mines for the five years from 1912 to 1916, both inclusive, and therefore the taxes so levied and assessed upon the property of this company are not on an equal or uniform basis with the taxes levied and assessed on the same class of property in the state, and all taxes are not uniform on the same class of property within the state. The assessment is in violation of section 1 of article 9, Constitution of Arizona.

"(2) The assessment and the amount thereof is erroneous because it is unequal, inequitable, and discriminatory as between the company and owners of other properties of the same class according to the classification of the state tax commission, because said assessment is based wholly upon the profits of this company for the years 1915 and 1916, without taking into account the factors of the lower price of copper and the restricted production prevailing as to other properties in the same class during the years prior to 1916, which factors were taken into account in fixing the assessment of all properties of the same class, and resulted in the lowering, to a material extent, of the valuations of all other properties of the same class below the level of that fixed for the property of this company.

"(3) Said assessment is erroneous, and the amount thereof is excessive. It is in excess of the full cash value of the property.

"(4) . . . Because it is in excess of the speculative value of the property. . . .

"(5) . . . Because it is based on the profits and income and earnings therefrom.

"(6) Said assessment is illegal for the reasons stated in paragraphs numbered 1, 2, 3, 4, and 5 of this protest, and violates section 1 of article 9 of the Constitution of Arizona. Said assessment is further illegal, in that it deprives this company of its property without due process of law, and violates section 4 of article 2 of the Constitution of Arizona, and section 1 of article 14 of the Amendments to the Constitution of the United States, and denies to this company the equal protection of the laws, and violates section 1 of article fourteen of the Amendments to the Constitution of the United States."

Dated and signed.

The receipt of the county treasurer appears in form required by the statute, and bears the same date with the notice of appeal.

The abstract of the record fails to disclose the date upon which the said documents were filed in the superior court. The state's defense was filed on the eighteenth day of February, 1918. The trial was had before the judge of the court without a jury, and on the twentieth day of February, 1918, the trial was concluded, and the judge rendered his verdict,

to the effect "that the full cash value of the Inspiration Consolidated Copper Company be, and it is, hereby fixed in the sum of $61,456,104.43."

From the assessment made by the state tax commission, the full cash value of the productive mines, "patented and unpatented, and all claims in a group contiguous thereto, belonging to said owner, and situated in the county of Gila, state of Arizona, . . . $74,168,808.00," there follows a detailed description of the property.

The parties filed written stipulations for continuances of the hearing, the first of which stipulations was filed September 24, 1917. The final judgment was entered March 7, 1918, from which the state appealed to this court by filing a notice of appeal on the nineteenth day of April, 1918.

The appellee has moved a dismissal of this appeal upon the ground that the law provides no appeal from the order made in this proceeding to the supreme court, and relies upon the case of *Mohave County* v. *Stephens,* 17 Ariz. 165, 149 Pac. 670. The same question was presented in that case, and decided by this court in accordance with the principle now contended for by the appellee in the case at hand.

This court decided in that case that when the parties have invoked the procedure authorized in paragraph 4887, Revised Statutes of Arizona of 1913, and proceeded to a final judgment in the superior court, no further appeal is provided for in such statute from such order to this court. Also, that no appeal in such case is provided by the general statute of appeals. We point out subdivision 6 of paragraph 1227, Revised Statutes of Arizona of 1913, the general appeal statute, which provides appeals "from a final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment." We said that "the final orders mentioned in subdivision 6 . . . is the equivalent to final judgment; still that subdivision undoubtedly has application to a final order affecting a substantial right made in a special proceeding commenced in the superior court from or brought into a superior court from any other court." In fact, it would seem that all the orders, judgments and decrees mentioned in paragraph 1227 must be orders, judgments and decrees entered in the superior court in actions or proceedings commenced therein or brought to that court from some other court. These words of original jurisdiction

pervade the whole of section 1227, and limit the appellate jurisdiction of this court to a review of orders and judgments in actions originating in a court of statutory or constitutional creation.

We treated the matters of assessment and equalization of the taxable property in said Mohave County case as the commencement of the special proceeding as a matter of course, as clearly appears from the opinion in the case.

"All civil suits in courts of record shall be commenced by complaint filed in the office of the clerk of such court." Paragraph 390, Civ. Code, 1913. Of course, the special tax proceeding, when pending in the superior court, is a civil suit, in that court. The question is, How and when was it commenced in that court? The answer is not in doubt. It was commenced by the dissatisfied taxpayer's filing its protest complaint with the notice and receipts accompanying such protest.

The protest with the notice and receipt of payment of the taxes accompanying the protest filed in the superior court is the complaint paragraph 390 requires to be filed in order to commence a civil suit in the superior court for the purpose of contesting and determining the full cash value of taxable property when the value placed thereon by the county authorities is not satisfactory to the taxpayer. The determination reached in such proceedings is equivalent to a final judgment entered in a special tax proceeding, commenced in the superior court, and under subdivision (1), paragraph 1227, Civil Code of Arizona, an appeal lies to this court.

In the matter of considering the filing of the protest notice and receipt in the superior court as the commencement of a special proceeding in that court for the purposes of appeal, we are not stepping beyond the bounds recognized by other courts.

The supreme court of Minnesota, in *Witt* v. *St. Paul & N. P. Ry. Co.,* 35 Minn. 404, 29 N. W. 161, had for consideration a motion to dismiss an appeal from a judgment in condemnation proceedings on the grounds that the judgment entered therein on the verdict of a jury, in pursuance of the statute, is not appealable. The court said:

"We are of the opinion that when cases of this character are brought into the district court, for trial of the issues in respect to the amount of the landowner's damages, they

should, for the purposes of appeal, be treated as actions commenced in the district court. . . . A different view of this question was taken by this court in *Canter* v. *St. P. & S. City R. Co.,* 24 Minn. 313; but we are of the opinion that the rule above suggested better accords with the general practice and policy of statutes in relation to appeals, which are to be liberally construed." *King* v. *Board, etc.,* 116 Minn. 433, 133 N. W. 1018.

I am of the opinion that we have restricted too narrowly the right to appeal in the *Mohave County* v. *Stephens* case, *supra.* We have read subdivision (1) of paragraph 1227 as if the matter of assessing taxes by determining the valuation of the property by the tax officers is the commencement of the proceeding to determine a dispute as to the actual cash value of such property assessed. When the officer whose duty it is made places a value on property for taxation purposes, he has exhausted his authority in the premises, and such officer is no longer a factor with regard to such matter. If the taxpayer controverts the justness of the valuation fixed, he does not move for a new trial of the question of the value, but he, for the first time, invokes the aid of the courts, under paragraph 4887, as is contended, by filing or causing to be filed in the superior court the said documents showing on their face the taxpayer's cause of action in the superior court.

The taxpayer's grounds for protest are his grounds for action, and the rights asserted by this protest filed have never been determined by any board, officer, tribunal or court, statutory or constitutional, and for such reason the matter is not before the court for the purpose of review of a prior determination, but is there for the purpose of an original inquiry into and determination of the right of the plaintiff as set forth in such protest. Clearly, an original determination, and not a review or trial *de novo.*

The *Mohave County* v. *Stephens* case is therefore based upon a wrong premise, and the conclusion is erroneous. For that reason the case is now overruled. An appeal does lie from a final judgment of the superior court entered in the proceeding commenced in said court by means of the filing of the documents mentioned in paragraph 4887, Revised Statutes of Arizona of 1913, and based upon the merits of the case, having for its purpose the determination of the actual cash value of the property to be taxed.

As a consequence, the appellee's motion to dismiss the appeal is denied.

The state, when brought before the superior court, objected to the consideration by the said court of the taxpayer's protest for the reason the proceeding so filed fails to set forth a cause of action, and upon the further grounds that the superior court has no jurisdiction of the cause. These objections were overruled, and the trial resulted in a judgment, reducing the valuation of the mines fixed by the state tax commission about $18,000,000. It is from such judgment that this appeal is prosecuted.

The taxpayer prosecuted his appeal to the superior court under authority of paragraph 4887, Revised Statutes of Arizona of 1913. That paragraph provides that "Any person, firm or corporation dissatisfied with the amount of his, their, or its assessment as fixed by the board of equalization, may appeal from the action of said board to the superior court of the county in which said board holds its sessions, on or before the fifteenth day of September following the adjournment of said board. Appeal shall be taken," etc., which procedure the appellee owner has substantially followed.

The appellee gave notice, and conducted the cause as against both the county board of equalization and against the state tax commission. The acts of both such boards are attacked by the appeal. Assuming that paragraph 4887 is yet in existence as a valid, subsisting statute, although directly conflicting with paragraph 4827, yet the facts appearing in the record conclusively established that the appeal and proceeding in the superior court is directed against the action of the state tax commissioner's order appraising and assessing appellee's producing mines. The contention that the new entry made by the board of supervisors of Gila county substituting the assessment and valuation of the state tax commission for the stricken county assessor's valuation was such an entry by the county authorities as was subject to appeal and review under paragraph 4887, *supra,* is untenable. The county authorities made the entry under compulsion. The act of entry was an act of the state tax commission, and no other authority was answerable therefor. The county authorities were the mere agency provided by law to carry out the act of the state tax commission in such matters. For the purposes of this argument, we will assume that paragraph 4887 authorizes the tax-

payer to set in motion the procedure authorized thereby, and such procedure when followed did take before the superior court when filed the act of the state tax commission whenever the notice and receipt were filed with it, and said commission in such case, on receiving notice, etc., was required to file said papers with a certified copy of *its* record pertaining to the matter in the superior court, all as required of the county officers, in which case the matter should be deemed before that court; yet, on the face of the papers filed, it appears that the state tax commission was notified of the company's appeal on the eighteenth day of September, 1917. The appeal from the act of the state tax commission was not taken on or before the fifteenth day of September, 1917, but it was attempted on the eighteenth day of September, 1917, three days after a right to appeal had expired. The demurrer of the state should have been sustained for the said reason.

The procedure pointed out in paragraph 4887 has reference only to matter of appeal from acts of the county taxing authorities, and has no application to the matters of taxation as required by the orders of the state tax commission. Hence the superior court acted in excess of its jurisdiction in lowering the valuation of the property fixed by the state tax commission. Such judgment is therefore absolutely void because entered beyond authority of the court.

It seems that paragraph 4887, *supra,* has been superseded wholly by paragraph 4827. I can see no room for the procedure permitted in said paragraph 4887, while the state tax commission is given the broad powers set forth in paragraph 4827, viz.:

"The said commission shall have full power to classify all property and shall have general supervision of the system of taxation throughout the state, and shall have power to make a thorough investigation thereof; and its decision upon *all* matters pertaining to the assessment of property of whatever nature, class, or kind, and the valuing and listing of the same, shall be *final,* except as otherwise provided by law."

The question is not involved in this case other than as above indicated, and I do not express an opinion to the effect that paragraph 4827 repeals, by conflict, paragraph 4887. I prefer to pass that question until it is presented regularly.

The judgment of the superior court is vacated, and the cause is remanded to the superior court, with instructions to sustain the demurrer and dismiss the action.

BAKER, J. (Concurring).—I concur in reversal. The proceeding authorized by paragraph 4887, Civil Code of 1913, is essentially a special proceeding, and summary in character, but it does not follow that because there is no express provision in the act itself for an appeal that it was contemplated that the judgment of the superior court should be final. Conceding that the legislature might have in terms declared a judgment in such proceedings final, the fact that it did not do so is persuasive to the effect that if any right of appeal was given under the general provisions of paragraph 1227, Civil Code of 1913, it was not intended to be set aside or abrogated. If the right of appeal is given by the provisions of paragraph 1227, *supra* (which I do not doubt), I can see no satisfactory reason why the legislature, if it contemplated depriving the parties of the right of appeal in such cases, did not say so. It seems to me that if the legislature intended to deny the right of appeal, it would have used some apt language in the act, such as making the judgment of the superior court final, or final and conclusive.

The argument that the legislature has provided a complete scheme or procedure for the assessment of taxes and valuations of property and has nowhere in that system expressly provided for any appeal to this court by the county or state, and therefore no appeal lies, is not conclusive to my mind. Such a conclusion is incompatible with the effectual right to appeal given by paragraph 1227, *supra*, in special proceedings.

The case of *Mohave County* v. *Stephens,* 17 Ariz. 165, 149 Pac. 670, is properly overruled. That decision is too narrow and restricted in the interpretation of paragraph 1227, *supra,* which clearly gives the right of appeal to this court from a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court. I have no difficulty in holding, in view of subdivision 1 of paragraph 1227, *supra,* that when the protest of appellee was filed in the superior court the proceedings were "commenced" in a judicial sense, as distinguished from the mere administrative function of the county board of equalization. The right of appeal is remedial, and statutes giving such right should be broadly and liberally construed in favor of the right. If a doubt exists, such doubt should be resolved in favor of the right to appeal.

Nor am I disturbed by the argument that no appeal lies from the decision of the superior court because the decision is

void. I have no doubt that the decision is a nullity, for the reason that paragraph 4887, *supra,* does not give the right of an appeal to the superior court to a dissatisfied taxpayer from the action of the state tax commission, nevertheless, the decision is in the form of a judgment, and the appellee is asserting that such decision or determination is valid and binding as a judgment. While the decision is void, it may be regarded as in existence for the purpose of allowing the appellant to challenge its validity, on appeal, and to enable this court to declare its invalidity and to reverse it.

ROSS, J. (Dissenting).—I do not believe the statute authorizes or permits an appeal from the superior court to this court in this kind of cases, and therefore must dissent. The general statute on appeals to this court (paragraph 1227, subd. 1, Civil Code), is broad enough to cover a special proceeding in tax matters, such as this one, if it be held—as I think it should be—that it was "commenced in a superior court." While the tax statute (paragraph 4887, Civil Code) describes the proceeding for a review of the order of the board of equalization as an appeal from the board to the superior court, it is not in fact an appeal, but an original proceeding. *Rowand* v. *Little Vermilion Special Drainage District,* 254 Ill. 543, 98 N. E. 969. The case of *Mohave County* v. *Stephens,* 17 Ariz. 165, 149 Pac. 670, restricted too much the right of appeal as applied to special proceedings generally, and should be modified or overruled when a proper case for it arises.

But the judgment in the Stephens case, denying the county the right of appeal from the superior court on the ground that the tax statute by its very terms prohibited it, is correct. Paragraph 4885, Civil Code, makes the decision of the county board of equalization as to the value of any property final so far as the county is concerned, and only permits the taxpayer to question it as provided in paragraph 4887. This last paragraph grants the right to any taxpayer dissatisfied with the amount of his assessment, upon conditions therein named, to take it into the superior court for review, but it is limited to the taxpayer. There is no provision anywhere, either in direct terms or by implication, allowing the county or the state to appeal,—I suppose upon the theory that the agencies selected by the legislature to fix the valuation of property will fully and amply protect the interests of the government by fixing values, as the law requires, at its full cash value. Somewhere

along the line these taxing agents selected by the legislature must finally determine the question of valuation. The one designated by the legislature in this state is the superior court, when in a proper case a dissatisfied taxpayer is permitted to invoke the aid of that court. The only question that the superior court may review or examine is as to whether the valuation fixed by the county board of equalization is too high or too low. As Judge COOLEY said in *Auditor* v. *Pullman Palace Car Co.*, 34 Mich. 59, the superior court is "an appellate tax tribunal, and nothing more. Its conclusions would not be a judgment, but only an assessment." Before this court should convert itself into an appellate tax tribunal, granting, for the sake of argument, that the legislature could so constitute it, it ought to be required to say so by direct and plain language. If the determination of the superior court were properly before us, we would not and could not pass upon the question as to whether it had assessed the taxpayer's property for too little or too much. The legislature has appointed its agents for that purpose, and the supreme court is not one of them.

Paragraph 4887 was incorporated in the Laws of Arizona for the first time in 1901, as paragraph 3875, Revised Statutes of 1901. The territorial legislature evidently construed it as not permitting an appeal to anyone except the dissatisfied taxpayer, for in 1907 it passed an act " to provide for the taxation of mines and mining claims and the ores or mineral products from the same," and therein amended paragraph 3875, so that "in the event of the territory or the owner of any such productive mine or mining claims being dissatisfied with the valuation fixed by the assessor or by any county board of equalization, such owner or the territory . . . shall have a right to appeal from the valuation as fixed to the district court." Section 12, c. 20, Laws of 1907. In the revision of the Laws of 1913 this provision allowing appeals by the state was left out, and paragraph 3875 was carried forward in the revision, word for word, as paragraph 4887. The meaning of such action or omission is too plain to require comment. In 1913 a special mine tax law was passed (chapter 12, Title 49, Civil Code), the general provisions of which as to the right of appeal are the same as those contained in paragraph 4887, and therein it was provided that the state of Arizona shall have the same right of appeal from the action of the state tax

commission or county assessor fixing the valuation of mines or mining claims as a taxpayer. Paragraph 4993, Civil Code. The life of this law was limited to the years 1914 and 1915, but it indicates that in the legislative mind no appeal could be had by the taxing power, state or county, under paragraph 4887.

It must be admitted that the taxing power of the state is vested in the legislature alone. The assessment of taxes is not a judicial act; it partakes of no element of a judicial character; it is a legislative act; it requires the exercise of legislative power. The legislature may appoint its agents to assess, equalize, and levy taxes, and whether the agent be an assessor, a board of equalization, or a superior court, in each case it exercises administrative or legislative functions, and not judicial functions. If a hearing be granted a taxpayer before any one of these agents, the law may stop there, and the taxpayer may not be heard thereafter to complain of an excessive valuation. That this is so is evidenced by the holding in the main opinion that the decision of the state tax commission in fixing valuations is final. The legislature could have made the decision of the assessor or the county board of equalization final if it had so chosen, and it did, in my opinion, make the decision of the superior court on the question of valuation final in those cases appealable to that court from the county board of equalization.

In *Mayor of Baltimore* v. *Bonaparte,* 93 Md. 156, 48 Atl. 735, it was held, notwithstanding the statute specifically allowed an appeal to the court of appeals, none could be entertained when the only question involved was the valuation of property for taxation purposes, as such was not a judicial but an administrative duty.

"As a general rule, statutes upon the subject of appeals do not embrace proceedings by courts, boards, or officers under special acts when the latter do not include a provision authorizing an appeal." 3 C. J. 225, § 42.

The tax statute, paragraph 4887, does not authorize an appeal by the county or state. Neither is permitted to take into the superior court the question of valuation of property. They cannot initiate such a proceeding, and certainly it was never thought they could prosecute an appeal from a decision of the superior court fixing valuations.

I think this appeal should be dismissed for want of jurisdiction. The state, however, is not without a remedy, if it be the law does not provide for an appeal from an order of the state tax commission fixing valuation of property for taxation—and in that I think the majority opinion is correct—then the superior court possessed no jurisdiction of the subject matter, and the judgment entered was' null and void. In that event, the state's remedy was by *certiorari* and not by appeal. 2 Cooley on Taxation, p. 1400; 11 C. J. 134, § 96.