LUCE & CO., LTD., Appellant, *v.* REGISTRAR OF GUAYAMA, Respondent.

APPEAL from a decision of the Registrar of Property of Guayama Refusing to Record a Deed of Purchase and Sale.

No. 594.—Decided July 24, 1925.

ORDER.

WHEREAS, An appeal has been interposed to the Circuit Court of Appeals for the First Circuit from the judgment of the Supreme Court of Porto Rico in this case;

WHEREAS, The question of whether or not an appeal lies from the said judgment has been discussed fully by this court after hearing the appellant and the registrar, Justices Wolf and Aldrey being of the opinion that it does not lie and that therefore the appeal should be denied and Chief Justice Del Toro and Justices Hutchison and Franco Soto thinking that as it is a new question involving the jurisdiction of the Circuit Court it should be left to the decision of that court, albeit its decision is not absolutely urgent, and Justices Hutchison and Franco Soto also having some doubts about whether or not the judgment is appealable, while on this point Chief Justice Del Toro agrees with the minority;

THEREFORE, The court allows the appeal taken by Luce & Co., Ltd., to the Circuit Court of Appeals for the First Circuit of the United States from the judgment of this court of February 20, 1925, in the above-entitled case and fixes

at $300 the security to be given by the appellant to respond for the costs that the said appeal may cause the adverse party, allowing the said appellant a period of sixty days for preparing and translating the transcript of the record that must be sent up to the said Circuit Court of Appeals for the First Circuit of the United States.

It is so ordered by the court, Justices Wolf and Aldrey dissenting from the allowance of the appeal.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

Luce & Co., a limited partnership, asked us to allow an appeal and to issue a citation as provided by law. The proposed appeal is from a decision of this court of February 20, 1925, by which we affirmed the note of the Registrar of Guayama of April 17, 1924. The authority of this court to revise the action of the registrar is given by the Act of March 1, 1902. Under section 1 of that Act, when the registrar refuses to record he is also required to set out his reasons. Section 2 provides as follows:

"In case the party interested in the record or the entry of the document shall not withdraw it within two days after having been notified as aforesaid, the registrar shall forthwith forward it to the Supreme Court in order that it may affirm or reverse his action. The decision of the Supreme Court shall be rendered within ten days after the receipt of the document, and on the day following its rendition the document, accompanied by a copy of the decision, shall be returned to the registrar in order that he may comply with the decision of the court. While the matter is pending in the Supreme Court, the interested party may, either in person or by attorney, submit a written argument to the court in support of this right to have the document recorded or entered."

Upon the presentation of this petition for appeal the court fixed a day to hear both the appellant and the registrar. The registrar presented a written memorandum. The appellant also presented a written memorandum and appeared by counsel. The registrar maintained that the decision of this court was not appealable under sections 126

and 246 of the Judicial Code because there was no final judgment or decree in the sense of said articles. I think the registrar has penetrated into the true reason for denying this appeal when he says that these proceedings were by virtue of a special power given in a special statute and have not a judicial character. The registrar also quotes from Corpus Juris to the effect that it has been frequently held in express terms or in effect that a judgment, order or decree is not final or appealable unless it determines the merits of the controversy or the rights of the parties and leaves nothing to future determination. Section 66 of the Mortgage Law and Section 78 of the Rules provide that neither the ruling of the registrar nor an appeal therefrom can affect the rights of persons to have their documents duly admitted to record by virtue of a presentation of their questions before a court. Sections 67 and 101 of the Law, and sections 111, 112, 115 and 116 of the Rules bear out the same conclusions. While the registrar has perhaps given the true reason why this appeal should be denied, nevertheless I propose to consider the matter from a slightly different angle.

Sections 1 and 2 of Article 3 of the Constitution of the United States provide as follows:

"Sec. 1.—The judicial power of the United States shall be vested in one Supreme Court and in such inferior courts as the Congress may from time to time ordain and establish. * * *

"Sec. 2.—The judicial power shall extend to all cases in law and equity arising under this Constitution, the laws of the United States and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors, other public ministers, and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more States, between a State and citizens of another State, between citizens of different States, between citizens of the same State claiming lands under grants of different States, and between a State, or the citizens thereof, and foreign states, citizens, or subjects."

Acting under the power given to it, Congress has defined and classified the jurisdiction of the various courts of the United States and, in pursuance thereof, has given jurisdiction to the said courts of certain cases. The statutes defining the jurisdiction of the various courts almost invariably speak of "cases," which is a natural result of the limitations put upon the judicial power by the Constitution of the United States.

The appellant cites section 43 of the Organic Act, as follows:

"That writs of error and appeals from the final judgments and decrees of the Supreme Court of Porto Rico may be taken and prosecuted to the Circuit Court of Appeals for the First Circuit and to the Supreme Court of the United States, as now provided by law."

Given the Constitution of the United States and the jurisprudence which I shall hereafter consider, I have no question that the judgments and decrees to which Congress referred in section 43, *supra,* were in "cases." The said section refers to existing law, namely, Sec. 246 of the Judicial Code, which provides as follows:

"Writs of error and appeals from the final judgments and decrees of the Supreme Court of the Territory of Hawaii and of the Supreme Court of Porto Rico may be taken and prosecuted to the Supreme Court of the United States within the same time, in the same manner, under the same regulations, and in the same classes of cases, in which writs of error and appeals from the final judgments and decrees of the highest court of a State in which a decision in the suit could be had, may be taken and prosecuted to the Supreme Court of the United States under the provisions of section two hundred and thirty-seven; and in all other cases, civil or criminal, in the Supreme Court of the Territory of Hawaii or the Supreme Court of Porto Rico, it shall be competent for the Supreme Court of the United States to require a certiorari, upon the petition of any party thereto, that the case be certified to it, after final judgment or decree, for review and determination, with the same power and authority as if taken to that court by appeal or writ of error; but certiorari shall not be allowed in any such case unless the peti-

tion therefor is presented to the Supreme Court of the United States within six months from the date of such judgment or decree. Writs of error and appeals from the final judgments and decrees of the supreme courts of the territory of Hawaii and of Porto Rico, wherein the amount involved, exclusive of costs, to be ascertained by the oath of either party or of other competent witnesses, exceeds the value of $5,000, may be taken and prosecuted in the circuit courts of appeals.''

While in the last paragraph no mention of ''cases'' is made, the rest of the section shows that Congress was considering only ''cases.'' While the appellant, if it had a right to appeal, would not be affected by the Act of Congress of February 13, 1925, yet that Act, in so far as the question under consideration is concerned, merely restates the character of the jurisdiction that Congress was conferring and that it is limited to ''cases.''

Section 128 (a) says the Circuit Courts of Appeals shall have appellate jurisdiction to review by appeal or writ of error final decisions.—First. In the district courts in all cases save where a direct review of the decision may be made in the Supreme Court under section 238.—Second. In the United States district courts for Hawaii and Porto Rico in all cases.—Third. . . . . Fourth. In the Supreme Courts of the Territory of Hawaii and of Porto Rico in all civil (sic) cases, civil or criminal, wherein the Constitution or Treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000 and in all habeas corpus proceedings. Congress thus made it clear that the jurisdiction of the federal courts is limited on appeal to ''cases,'' as it necessarily must be under the Constitution of the United States.

I come then to examine whether there is any ''case'' before the court in the constitutional or statutory sense. In *Cohens* v. *Virginia,* 6 Wheaton, 264, Chief Justice Marshal held, answering counsel, that if a question could not

be brought into a court, then there was no case in law or equity. Counsel had cited instances to show that there was no jurisdiction where there was no case and the Chief Justice was agreeing with him, but distinguishing the case before him.

In *Robertson* v. *Baldwin,* 165 U. S. 275, Mr. Justice Brown reviewed the decisions and then Article 3 of the Constitution, Sections 1 and 2. He then said, "The better opinion is that the second section was intended as a constitutional definition of the judicial power, *Chisholm* v. *Georgia,* 2 Dall. 419, 475, which the Constitution intended to confine to courts created by Congress; in other words, that such power extends only to the trial and determination of 'cases' in courts of record." The court went on to hold that Congress might give judicial officers other powers, but the resulting power was not judicial and not a "case."

In *Pacific Whaling Co.* v. *United States,* 187 U. S. 450, the petitioner made application for a license under protest that he ought not to be compelled to take out one. Under the law the license was to be obtained from the District Court of Alaska in order to do certain business in that territory. To test the necessity for the license the applicant filed a petition to the District Court of Alaska and served it on the district attorney. Mr. Justice Brewer said:

"The proceeding in this case is a novel one, and the first question is whether there was any action or suit—any case within the constitutional provision, Article III, sec. 2, extending the judicial power of the United States 'to all cases, in law and equity, arising under this Constitution'—in which was entered a final judgment or decree such as entitled the petitioner to an appeal. 'A case is a suit in law or equity, instituted according to the regular course of judicial proceedings; and when it involves any question arising under the Constitution, laws or treaties of the United States, it is within the judicial power confided to the Union.' 2 Story on the Constitution, sec. 1646; *Osborn* v. *United States Bank,* 9 Wheat. 738, 819. Here a petition was filed, which was in form an application for a license, with a protest that the petitioner ought not to be

compelled to take one out. The application was granted, and the .petitioner could certainly not appeal from an order granting that which he asked for. The application, it is true, was coupled with a protest, but who ever heard of an appeal being sustained from a protest? There was no suit against the clerk to restrain him from receiving the license money. He was not made a party, entered no appearance, and no decree was rendered for or against him.''

*Douglas* v. *Hutchison,* 55 N. E. 628, decides that contests of election may be fixed in different places; that the legislature may provide a final decision aliunde; Illinois provided for a decision, and, it seems, an appeal to some special tribunal. The appellant maintains that he had a right to resort to the Circuit Court under the provision that gave it jurisdiction of all cases in law and in equity. Held that an election contest was not such a case.

In *Barnett* v. *Pemiscot County Court,* 111 Mo. App. 693, denial of a dram shop license by a court was not a "case." Held that an appeal did not lie; that the appeal was only given in "cases." The court said, "If the matter be not judicial there is no appeal." There were definitions of what is a "case," citing numerous decisions.

A number of decisions are also reviewed in *United States* v. *Dolla,* 177 Fed. 101, 21 Am. & Eng. Ann. Cases, 665, and the notes to the latter text. There it was held that a naturalization proceeding was not a "case" and hence the Circuit Court of Appeals was without jurisdiction on appeal. Says the note, summing up the decisions:

"The word 'case' is generally defined to mean a contested question before a court of justice where there are parties and a subject-matter in controversy between them; a 'suit' or 'action'; a 'cause.'"

The case of the *United States* v. *Dolla, supra,* was not followed in a district court decision, but solely on the well founded ground that an application for naturalization called for an exercise of judicial power and hence was a "case." *United States* v. *Lenore,* 207 Fed. 865. This latter decision also makes it clear that when a court is exercising its

judicial power an appeal can only arise in the United States court when the lower court is entertaining a "case."

In Words & Phrases Judicially Defined, First and Second Editions, there are also other numerous definitions of the word "case."

The appellant, Luce & Co., does not seriously contend that the proceedings before the registrar of property constitute a "case." The appellant maintains, however, that the law giving us the right of revision of the rulings of the registrar makes the final decision of this court an appealable matter.

The answer to this contention is perhaps anticipated by the foregoing considerations and by the holdings of some of the opinions we have cited. Probably the most complete answer to this contention is to be found in the case of *Muskrat* v. *United States,* 219 U. S. 346. Congress gave, or attempted to give, the Court of Claims jurisdiction to determine the constitutionality of certain previous statutes passed by Congress involving the claims of Indians and other persons. The court pointed out that the object and purpose of the suit was wholly comprised in the determination of the constitutional validity of certain Acts of Congress. The court held that this was an attempt to provide for a judicial determination final in the Supreme Court of the constitutional validity of an Act of Congress. The court asked whether such a determination was within the judicial power conferred by the Constitution as the same had been interpreted and defined in the authoritative decisions to which the court referred, namely, *Marbury* v. *Madison,* 1 Cranch, 137; *Osborn* v. *Bank of the United States,* 9 Wheat. 819; *Cohens* v. *Virginia,* 6 Wheat. 264, and others. The court thought it was not and that the judicial power was the right to determine actual controversies arising between adverse litigants duly instituted in courts of proper jurisdiction; that the attempt to obtain a judicial declaration of the validity of an Act of Congress was not presented

in a "case" or controversy to which, under the Constitution of the United States, the judicial power alone extends. Said the court:

"It is true the United States is made a defendant to this action, but it has no interest adverse to the claimants. Its object is not to assert a property right as against the government, or to demand compensation for alleged wrongs because of action upon its part."

And again:

"Such judgment will not conclude private parties, when actual litigation brings to the court the question of the constitutionality of such legislation."

Similarly in the matter before us. The registrar decided that Luce & Co. has no right to record their property because the said firm had not legally acquired it, an agent under section 1362 of the Civil Code being prevented from acquiring the property of his principal. The right of Luce & Co. to own or hold this property is in no way determined, nor does the pronouncement of the registrar and its affirmance by this court prevent the appellant from obtaining the decision of a competent court ordering the registrar to make such a record, of course, after citing the necessary parties and making a "case" of it.

What the Legislature has done is to invest in the Supreme Court of Porto Rico the right to order done what the registrar refused to do. No rights between the parties are determined, except the immediate right of record.

In 2 Ruling Case Law, 30, Paragraph 7, it is said: "In a case of special statutory tribunals whose proceedings are not according to the course of the common law, no appeal will lie from their judgments and orders unless the right is given by statute." The principal idea to be insisted upon is that no appeal lies to the Circuit Court of Appeals from a decision of this court in an administrative-appeal matter, because neither the registrar nor this court is proceeding according to the course of the common law, but both the

decision of the registrar and the decision of this court are made by tribunals proceeding by special statutory authority.

Cases which bear out the foregoing, or which are more or less applicable to the general considerations, *supra,* are *Renaud* v. *State Board of Mediation and Arbitration,* 124 Mich. 648, 83 N. W. 260, 51 L.R.A. 458; *New Orleans City & L. R. Co.* v. *State Board of Arbitration,* 47 La. 874; *Sullivan* v. *Haug,* 82 Mich. 584, 10 L.R.A. 265; *Mohave County* v. *Stephens,* 17 Ariz. 165, 149 Pac. 670, and *Campbell* v. *United States,* 224 U. S. 99.

As remarked by the Supreme Court of the United States in several of the foregoing cases, there is no adverse party. The registrar necessarily has no adverse interests. It may be questioned whether he could in any respect be considered as a party to a case or controversy.

The recourse to this court has always been known as an administrative appeal. A similar right existed in the highest tribunal of the Island before this court was organized. At such time and in Spain, both historically and as the Mortgage Law shows, the review that took place was not considered an exercise of the judicial power.

Appellant cites the case of *Bello et al.* v. *Registrar of Arecibo,* 31 P.R.R. 112. Therein some adverse claim apparently was set up as against the proposed registrant, perhaps giving the matter something of the aspect of a "case." However this may be, the judge presiding in vacation, Mr. Justice Hutchison, ordered the citation to issue. In the subsequent motion to disallow the appeal we considered that the citation having in fact been issued, courtesy should require that the Circuit Court of Appeals determine the question. We were doubtful also whether, the citation having issued, jurisdiction to dismiss the appeal was not transferred to the Circuit Court of Appeals. In the instant case, after having the matter pretty well threshed out in both appeals, I am convinced that an appeal does not lie.