[Civil No. 2811.   Filed January 6, 1930.]

[283 Pac. 726.]

EDWARD SMITH, Appellant, v. FRANK P. TROTT, State Water Commissioner, and WID T. SAWYER, Protestant, Appellees.

Mr. R. G. Langmade, for Appellant.

Mr. J. E. Morrison, Mr. Hess Seaman, Mr. W. S. Norviel and Mr. Albert D. Leyhe, for Appellees.

LOCKWOOD, C. J.—Edward Smith, hereinafter called appellant, in 1925 applied to the water commissioner of the state of Arizona under chapter 164, Session Laws of 1919, as amended (Laws 1921, chap. 64), and commonly called the Water Code, for a permit to appropriate certain waters from Date Creek at a point known as Tres Alamos Canyon, situated about twenty miles west of Congress Junction. Immediately following the filing of this application, Wid T. Sawyer, hereinafter called appellee, filed in the office of the commissioner a protest against its allowance. A hearing was duly held before the commissioner, and evidence introduced, whereupon the matter was taken under advisement, and the application of appellant finally denied on the ground of a conflict with prior vested rights. Appellant appealed from this decision to the superior court of Yavapai county, and the matter was by stipulation transferred to Maricopa county. It was tried March 24th, 1928, and on May 11th the court entered judgment in favor of appellee and denied appellant's petition, and the latter has appealed to this court from the order of the superior court of Maricopa county denying his application.

The first issue which confronts us is whether or not an appeal lies to this court under these circumstances. It is, of course, elementary that a right to appeal exists only by force of statute and is limited by the terms of the statute. *Barth* v. *County of Apache,* 18 Ariz. 439, 162 Pac. 62; *Navajo-Apache, etc., Trust Co.* v. *Desmont,* 17 Ariz. 472, 154 Pac. 206. And, where the right is neither given nor denied by the Constitution, it is within the discretion of the legislative authority to say in what cases and under what circumstances appeals may be taken. *Hoeye* v. *Willis,* 15 Ariz. 257, 138 Pac. 15. The matter was initiated under the Water Code. Within that Code are found two separate and distinct proceedings: the first

being sections 5 to 15, dealing with the manner of appropriating water; the second, sections 16 to 33, providing for the determination of the relative rights of various claimants to the waters of a stream. *Salt River Valley Water Users' Assn.* v. *Norviel,* 29 Ariz. 499, 242 Pac. 1013. The legislature, in thus differentiating the two procedures, may have been moved by the fact that the decision of the water commissioner under sections 5 to 15 can in no manner affect a vested right. If he grants the permit, it does no more than allow the petitioner to initiate and perfect a valid appropriation of water, but it does not act as an adjudication between this water right and those of any other person. If, on the other hand, the commissioner denies the application, he takes away from the petitioner no existing rights. He merely prevents, for the time, his acquiring a right to the use of public property, and this the legislature can, of course, regulate as it sees fit. When, however, sections 16 to 33 apply, the situation is much changed. The determination in that case involves a settlement of the vested, and sometimes conflicting, rights of the parties, and the procedure is very different. The application herein unquestionably falls within the proceeding described in sections 5 to 15. These sections, after setting forth in some detail the terms of an application for a permit to appropriate waters, provide:

"Section 7. . . . All applications which shall comply with the provisions of this act shall be recorded in a suitable book kept for that purpose, and it shall be the duty of the Commissioner to approve all applications made in proper form which contemplate the application of water to a beneficial use, when the provisions of this act are complied with; but when the proposed use conflicts with vested rights, or is a menace to the safety or against the interests and welfare of the public, the application shall be rejected."

In case the applicant is dissatisfied with the decision of the commissioner, he is given a remedy in section 11 of the Code, which originally read as follows:

"Section 11. An applicant may appeal to the court hereinafter specified for relief, which may modify the decisions of the Commissioner if it shall appear that he has abused the authority reposed in him by law. Such appeal shall be taken within sixty days from the date of such decision by the Commissioner and shall be perfected when the applicant shall have filed with the court a copy of the order appealed from, together with a petition setting forth the appellant's reason for appeal, and such appeal shall be heard and determined upon such competent proof as shall be adduced by the applicant, and such like proofs as shall be adduced by the Commissioner."

No other right of appeal on an application made under sections 5 to 15, *supra,* is granted by the Water Code or any other statute, unless the general provisions of the Civil Code—regarding appeals to this court—are applicable. It is urged by appellee that these latter provisions do not apply in cases of this nature, and he cites in support of his contention the case of *Mohave County* v. *Stephens,* 17 Ariz. 165, 149 Pac. 670, 672, while appellant in oral argument claimed that the doctrine of this case has been expressly reversed in *State* v. *Inspiration Consolidated Copper Co.,* 20 Ariz. 503, 181 Pac. 955, 957. The general principle of law enunciated in *Mohave County* v. *Stephens, supra,* is as follows:

"In the very liberal effort by the Legislature to provide for appeals from all kinds of orders, judgments, and decrees, it evidently had in view actions and proceedings *of court origin only,* and not proceedings originating in a board of equalization." (Italics ours.)

In this case the facts were as follows: Stephens, being dissatisfied with his tax assessment as made

by the board of equalization of Mohave county, paid his taxes under protest, and appealed to the superior court of Mohave county, as provided by statute. Judgment was in his favor, and the county appealed to this court from the judgment rendered in the superior court. This appeal was dismissed by us for lack of jurisdiction, on the grounds stated above.

The situation in *State* v. *Inspiration, supra,* was the same as that in *Mohave County* v. *Stephens, supra,* and this court held—contrary to the specific ruling in the last named case—that a taxpayer's suit protesting against the decision of the board of equalization "originated" in the superior court instead of before the board of equalization; and that, while the rule laid down in the Stephens case—that appeals to the Supreme Court, granted by the general statute, covered only matters originating in some "court"— was correct, it did not apply to cases of the nature involved therein. If, therefore, a proceeding "originates" in the superior court or is brought into the superior court from some other court, an appeal lies to this court in the cases set forth in the general statute, except where some other statute expressly forbids it. If the proceeding, however, "originates" before any board, officer, or tribunal other than a court, and has been before the superior court for the purpose of a review of such prior determination and not for the purpose of an original inquiry into and determination of the rights of the petitioner, an appeal from the decision of the superior court does not lie to this court, unless some special statute gives one. Did the present proceeding originate before the water commissioner, or was its origin in the superior court, as was held to be the case in the matter involved in *State* v. *Inspiration, supra?*

On a careful examination of the statute, we are of the opinion that the proceedings in this case originated before the water commissioner and not in the

superior court. In *State* v. *Inspiration, supra,* in holding that the proceedings did not originate before the board of equalization, we said:

"The taxpayer's grounds for protest are his grounds for action, and the rights asserted by this protest filed have never been determined by any board, officer, tribunal, or court, statutory or constitutional, and for such reason the matter is not before the court for the purpose of review of a prior determination, but is there for the purpose of an original inquiry into and determination of the right of the plaintiff as set forth in such protest. Clearly, an original determination, and not a review on trial *de novo.*"

In the present proceeding, the appellant's rights were first set up by him in his application for a permit, and the rights asserted by this application have been specifically determined by the water commissioner under the authority and duty imposed upon him by section 7 of the Water Code; and, by section 11 of the same Code, it was before the superior court for the purpose of reviewing the prior determination of the water commissioner, and not for an original inquiry into the rights asserted by appellant in his application. Section 11, as it originally appeared in the Session Laws of 1919, did not state in so many words that the hearing before the superior court should be *de novo,* but the only reasonable implication from the language of the statute is that such was the intention of the legislature. Any ambiguity, however, was clearly resolved by the amendment of 1927 (Laws 1927, chap. 109, § 2) which expressly provides: "Such appeal shall be heard and determined *de novo.*"

The entire proceeding under sections 5 to 15 on an application for a permit to appropriate is very different from the one set forth in sections 16 to 33. In the latter, the water commissioner acts substantially as a statutory referee. His findings are filed in the superior court, and the judgment upon which

all rights are based is the judgment of that court and not of the commissioner. That proceeding "originates" in the superior court, and an appeal, of course, lies to this court. *Stuart* v. *Norviel,* 26 Ariz. 493, 226 Pac. 908.

For the foregoing reasons, we hold that no appeal from the decision of the superior court reviewing the action of the water commissioner on an application for a permit to appropriate water, made under sections 5 to 15 of the Water Code, lies to this court. The appeal is therefore dismissed.

McALISTER and ROSS, JJ., concur.