**WILSON v. REEVES COUNTY WATER IMPROVEMENT DIST. NO. 1 et al.**
(No. 1519.)

(Court of Civil Appeals of Texas. El Paso. Nov. 15, 1923.)

**1. Parties ⬳82—Nonjoinder of proper parties and necessary parties distinguished.**

The nonjoinder of merely proper parties is not fatal, whereas the nonjoinder of necessary parties is fatal, and the court will not proceed to final judgment until such parties have been joined.

**2. Parties ⬳32—Who are "necessary parties."**

Necessary parties are those who not only have an interest in the subject-matter of the controversy, but an interest of such a nature that a final decree cannot be made without affecting their interests.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Parties.]

**3. Waters and water courses ⬳49—Necessary parties to action to establish and protect riparian rights.**

In riparian owner's suit to establish his riparian right to the use of water, and to enjoin a water improvement district from diverting more than its proportionate part of the water, all persons supplied by the district, whether by virtue of riparian ownership or contract, appropriation, limitation or prescription, were necessary parties, notwithstanding the conservation amendment to the Constitution (article 16, § 59) and Vernon's Ann. Civ. St. Supp. 1922, art. 5107, subds. 23, 122q, but water users not supplied by the district are not necessary parties.

**4. Waters and water courses ⬳49—Water users beyond jurisdiction necessary parties to action to protect riparian rights.**

In an action to establish riparian right to use of water, and to enjoin water district from diverting more than proportionate part of the water, persons furnished water by the district were necessary parties, though located beyond the jurisdiction of the court; jurisdiction being obtained as prescribed by statute.

**5. Waters and water courses ⬳49—Bondholders of district not necessary parties to action to establish water rights.**

Bondholders of a county water improvement district were not necessary parties to an action by riparian owner to establish right to use of water and to enjoin the district from diverting more than the proportionate part of the water to which its consumers were entitled, and to enjoin the district from delivering water to nonriparian land.

**6. Dismissal and nonsuit ⬳56—No error in dismissing suit for failure to join parties necessary to count on which plaintiff stood.**

There was no error in dismissing a suit by reason of failure to join necessary parties as to the first count because there was a second count under which relief could be granted without the joinder of the other parties where the second count and relief sought thereunder were alternative, and plaintiff stood and insisted upon the first count.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by W. F. Wilson against Reeves County Water Improvement District No. 1 and

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

others. Judgment for defendants, and plaintiff appeals. Affirmed.

Ben Palmer, H. G. Russell, and J. A. Drane, all of Pecos, for appellant.

J. E. Starley, of Dallas, and J. F. Ross, of Pecos, for appellees.

HIGGINS, J.    The appellant, Wilson, brought this suit against the Reeves County water improvement district No. 1 (hereinafter referred to as the water district), the five individuals composing its board of directors, also A. C. Schreyer and others.    The litigation presents a controversy over the use of the waters of Toyah creek for irrigation purposes.    The plaintiff is the owner of land riparian to the creek.    The water district is a water improvement and irrigation district incorporated under the laws of Texas, distributing water taken from the creek to various landowners in its district; the point at which it diverts the water being above plaintiff's land.    The gist of the plaintiff's complaint, as contained in the first count of the petition, was that defendants were diverting and using the water to the exclusion of his right as a riparian owner, and the substance of the relief sought was to establish against the defendants his riparian right to the use of the water, and to enjoin them from diverting more than the proportionate part of the water to which the riparian owners in the water district were entitled and to enjoin the district from delivering any water to nonriparian land.    The water district and some of the other defendants filed a plea in abatement, setting up the want of necessary parties defendant, which was sustained upon a hearing of the evidence offered in support thereof.    The plaintiff declining to join the parties held to be necessary, the suit was dismissed, from which order this appeal is prosecuted.

The questions presented in the briefs invoke a determination of who are and who are not necessary parties in an action of this kind, and the desire is expressed of all parties to obtain a full ruling upon the same for future guidance. .

[1] In the first place, it is necessary to bear in mind the distinction which exists between necessary and proper parties; also that the nonjoinder of merely proper parties is not fatal, whereas the nonjoinder of necessary parties is fatal, and the court will not proceed to final judgment until such parties have been joined.    Various definitions and rules have been announced for determining who are necessary parties correct in themselves, but whose application to various actions is not always pertinent, and, in some instances, if pertinent, its application not readily apparent.

[2] As applied to actions such as here presented, it seems to this court that the best definition of "necessary parties" is that they "are those who not only have an interest in the subject-matter of the controversy, but an interest of such a nature as that a final decree cannot be made without affecting their interests."    Beach on Modern Equity Practice, § 55;  Shields v. Barrow, 17 How. 130; 15 L. Ed. 158.

[3] In the third paragraph of the plea the names and addresses of various persons were given to whom it was alleged water was being supplied by the water district, and that such persons were entitled to the use thereof, some by virtue of riparian ownership of the land to which it was supplied, others by virtue of contracts of purchase, by appropriation, limitation, or prescription. There is evidence to support these allegations, and as to such persons they were necessary parties.    Watkins Land Co. v. Clements, 98 Tex. 578, 86 S. W. 733, 70 L. R. A. 964, 107 Am. St. Rep. 633;  Matagorda Canal Co. v. Markham Irr. Co. (Tex. Civ. App.) 154 S. W. 1176.    It would be contrary to the fundamental principles of justice to enjoin the diversion and delivery of the water by the water district to these persons, thereby depriving them of its use, without their joinder in the suit, and being afforded an opportunity to assert and protect their rights.    Such procedure would be contrary to the rule quoted, for they are interested in the object of the suit, and such a decree would directly affect their interests.    But in this connection it is contended by appellant that they are not necessary parties because the water district is a public municipal corporation, a governmental agency, and as such entitled to sue and be sued with respect to the water which it diverts and distributes, citing in this connection what is known as the conservation amendment to the Constitution (section 59, art. 16) and subdivisions 23 and 122q of article 5107, Vernon's Revised Statutes, 1922 Supp.

In the case of Ward County Water Improvement District No. 2 v. Ward County Irrigation District No. 1 (Tex Civ. App.) 222 S. W. 665, a water improvement and irrigation district incorporated under the law under which Reeves County water improvement district No. 1 is organized brought an action against another such district in effect to adjudicate riparian water rights upon the Pecos river.    The conservation amendment and subdivision 23 of article 5107 were relied upon as authorizing the maintenance of the suit.    But, upon the principle announced in Mud Creek Irr. Co. v. Vivian, 74 Tex. 174, 11 S. W. 1078, this court held that the action could not be maintained, saying:

"The title to the riparian water rights appurtenant to lands abutting on the Pecos river and situate in appellant's district remained vested in the respective owners of these lands. Their title was not affected by appellant's incorporation.    The law under which the appellant was incorporated and under which it op-

erates expressly authorizes it to acquire these water rights but in no wise undertook to confer same. Until it has in some manner connected itself with such riparian rights, it has no right to maintain a suit to enjoin other riparian owners or water users from diverting and using such' waters. Such right and user is not an infringement of any right of the plaintiff, but affects only the right of the riparian landowners in its district, and if they do not see fit to complain the plaintiff cannot do so."

A writ of error was refused, and upon the authority of that case it follows that this action against the Reeves county water improvement district No. 1 cannot be maintained without the joinder of the parties to whom it is furnishing water under a claim of right to the use of such waters vested in such parties. It is true that subsequent to the ruling above noted subdivision 122q of article 5107 was adopted (chapter 46, § 140, Acts 37th Leg. 1st C. S. p. 149), which undertakes to empower such districts to institute and maintain suits to protect its water supply, and prevent interference therewith, but it does not attempt to authorize the maintenance of suits against it for alleged unauthorized diversion of water without the joinder of other necessary parties defendant. That amendment undertakes to alter the rule announced in Ward County, etc., v. Ward Co., etc., so far as parties plaintiff are concerned, but has not in any wise changed the rule as to necessary parties defendant in actions such as are here presented. For the reasons indicated, the contention of appellant is overruled.

The appellees assert that not only are the parties necessary who are being supplied with water by the water district, but also all other water users upon the creek, all riparian landowners, and all other persons who have acquired the right to the use of water in the creek by appropriation or otherwise. It is contended that all such persons have an interest in the water, and the action in effect involves a partition thereof and they are therefore necessary parties. Such persons, it is true, may be interested in the subject-matter of the suit in so far as it relates to the right to the use of the water in the creek, but a mere interest in the subject-matter of litigation does not necessitate their joinder. This is true because they will not be bound by the decree which may be entered, and they may at any time sue any or all of the parties to this suit and establish their water right. The injunctive relief sought, if granted, will not affect their rights, because if they are not using the water they are not harmed. Those who are diverting and using water above the diversion point of the water district will not be affected in their user, because it will not affect the amount of water flowing past their diversion points. As to those situated below the diversion point of the water district, the injunction will not affect them except to their benefit by permitting more water to flow down the stream. As to all these parties, they are not necessary, because the injunction, if granted, would not affect them; they remain unbound by the decree, and free at any subsequent time to assert and enforce their rights if they see fit to do so.

While this suit involves an apportionment of the water between the parties to the litigation, the rule in realty partition suits that all joint owners must be joined has no application. In the case of realty the possession of one joint tenant ordinarily is the possession of all. If there is no actual possession, they are all constructively seized of the property. Upon partition this status is altered, and different rules become applicable. The various distributees become actually or constructively seized in severalty. For this reason all of the co-owners must be joined before a decree of partition is made, in accordance with the rule that all parties are necessary whose rights will be affected by the decree. It would be unreasonable, useless, and wholly impractical in some cases to join riparian landowners and other water right holders upon or adjacent to a stream who are making no use of their water rights, as well as those users whose right is not affected by the relief sought. Such persons are not to be regarded as necessary parties.

[4] Another question presented relates to the necessity of joining persons beyond the jurisdiction of the court who, by virtue of riparian or other right, are entitled to the use of water supplied by the district. Under the rules announced above, their joinder is necessary only where they are making use of the water through their agents or employees. Appellant relies upon State of Texas v. Goodnight, 70 Tex. 682, 11 S. W. 119, and Railway v. White (Tex Civ. App.) 32 S. W. 322, in support of his contention that in no instance is the joinder of such persons necessary; but in our opinion the rule announced in those cases is limited to actions purely in personam, and has no application to actions wholly or partly in rem. The insuperable objection applying to their joinder in the first class of actions does not apply in the latter, for jurisdiction over the res may be obtained in the manner prescribed by statute. The present suit involves an adjudication of whether such nonresidents have a water right, and also the relative rights of the plaintiff and such nonresidents, and to that extent is a proceeding in rem. The injunctive feature is in personam. There is no reason why the nonresidents cannot and should not be joined, and their right to the use of the water determined. Though an injunction cannot be granted against them unless jurisdiction over their person has been in some manner obtained, yet it may be granted against the distributing agency of the water which is the function of the water district.

[5] Appellee, the water district, also contends that the holders of the bonds issued by it are necessary parties. citing Dallas Co., etc., v. Ayers (Tex. Civ. App.) 246 S. W. 1117; King v. Com. Court, 10 Tex. Civ. App. 114, 30 S. W. 257. This is overruled. They may possibly be proper parties, but their joinder is no more necessary than a mere lienholder in an action of trespass to try title. In the cases cited it was sought to enjoin municipalities from collecting taxes to pay bonds theretofore disposed of. In such a case the necessity for joining the holders of the bonds is obvious, and the inapplicability of such a case to this proceeding likewise apparent.

Appellant questions the sufficiency of the plea in abatement. No exception was taken thereto, and, in the absence of a special exception, the third paragraph—the one sustained by the court—was sufficient. State v. Goodnight, supra.

[6] Appellant in the concluding paragraph of his brief suggests that there was a second count in his petition based upon the theory that he was entitled to a mandatory injunction against the water district to deliver water to him because his land was in such district, and he had tendered the proper compensation; that he was entitled to the relief sought upon this count without the joinder of the parties named in the plea in abatement, wherefore it was, in any event, error to dismiss the suit in its entirety. In the first place, this alleged error is not raised by any assignment or proposition presented in the brief; but, waiving this consideration, the suggestion that the judgment be reversed for such alleged error is overruled, for the reason that the second count and relief sought thereunder was alternative in the event the other relief was denied. The record affirmatively discloses that plaintiff stood and insisted upon the relief sought under the first count, and the order of dismissal was not made until the court had given him ample opportunity to comply with its ruling, and he had failed to do so. Under all the circumstances, the suggested error should not reverse the judgment.

Affirmed.