[Civil No. 2281.   Filed February 9, 1926.]

[242 Pac. 1013.]

SALT RIVER VALLEY WATER USERS' ASSO-
CIATION, a Corporation, Appellant, v. W. S.
NORVIEL, as State Water Commissioner of the
State of Arizona, and UNITED VERDE COP-
PER COMPANY, a Corporation, Appellees.

1. Waters and Watercourses—Commissioner's Jurisdiction Under Water Code to Determine Relative Rights of Claimants Held Similar to Referee or Master.—Water Code, as amended by Laws of 1921, chapter 64, dealing with manner of appropriating water in sections 5–15, inclusive, also provides for determination of relative rights of claimants, in sections 16–33, inclusive, and in latter proceeding commissioner's jurisdiction is in nature of that of referee or master in chancery; most important difference being that commissioner has original jurisdiction to initiate proceeding.

2. Waters and Watercourses—Commissioner Held Without Jurisdiction to Determine Rights to Water on Application for Permit for Appropriation.—Where defendant applied for permit to appropriate water of certain river and its branches and plaintiff objected to its allowance, commissioner had no jurisdiction to settle and determine rights of the two parties to water of such river in view of Laws of 1919, chapter 164, section 7, as amended by Laws of 1921, chapter 64, providing for jurisdiction of water commissioner on application for permit, since only party before commissioner, except as matter of countesy, was defendant.

3. WATERS AND WATERCOURSES—APPEAL BY OBJECTOR BEFORE COM-
MISSIONER GRANTING PERMIT FOR APPROPRIATION HELD UNAU-
THORIZED.—Where application for permit to use water was op-
posed, applicant, under Laws of 1919, chapter 164, section 11,
had right of appeal if commissioner denied permit, but if permit
was granted, objector before commissioner, though not bound by
his action, had no right of appeal therefrom, Session Laws of
1919, chapter 164, section 52, not accomplishing that purpose, ex-
pression "unless otherwise provided herein" referring back to
section 11, which does not provide for any appeal except by
applicant.

See (1) 40 **Cyc.**, p. 730, n. 93 New.    (2) 40 **Cyc.**, p. 730, n. 98
New.    (3) 40 **Cyc.**, p. 737, n. 67 New.

On petition for rehearing on appeal from a judg-
ment of the Superior Court of the County of Mari-
copa.  Alfred C. Lockwood, Judge.  Rehearing denied.

For opinion, see *ante,* p. 360, 241 Pac. 503.

Messrs. Kibbey, Bennett, Gust & Smith, for Ap-
pellant.

Mr. John W. Murphy, Attorney General, Mr. Earl
Anderson, Assistant Attorney General, and Messrs.
Anderson, Gale & Nilsson, for Appellee United Verde
Copper Company.

CHAMBERS, Superior Judge.—In its motion for
rehearing the United Verde Copper Company, ap-
pellee, insists that the former opinion of this court
sets aside and utterly disregards the Water Code
of Arizona, which is found at chapter 164, page
278 and following, Session Laws of 1919, and the
amendments thereto, being chapter 64 of the Session
Laws of 1921.  We fail to see the viewpoint of the
appellee.  Instead of setting aside the Water Code,
the opinion of the court is entirely in harmony and
accord with the Water Code.  The fourth and fifth
propositions urged by the appellee in its original

brief were discussed very briefly in the original opinion of the court for the reason that the court regarded the second proposition advanced by appellee as the most serious proposition advanced and the one which deserved the most attention.

It is easy to confuse the form of procedure provided by the Water Code where application is made for a permit to make an appropriation of water, with that provided for a determination of the relative rights of various claimants to the waters of a stream. Sections 5 to 15, inclusive, deal with the manner of appropriating water; the application before the commissioner for a permit, the rights of the permittee, the powers of the commissioner to grant the permit, and other matters all having to do with the appropriation of water or the performing of work upon dams, ditches, canals, or other distributing or controlling works. A careful study of the Code shows plainly that sections 16 to 33, inclusive, amount to what is really a separate subdivision. These sections provide for the determination of the relative rights of various claimants to the waters of a stream; a proceeding which is initiated by the commissioner either upon his own initiative or upon a petition signed by one or more water users. In this proceeding the commissioner's jurisdiction as provided by the Code is in the nature of the jurisdiction of a referee or similar to that of a master under the old chancery practice. He ascertains and determines the facts and files his findings in the superior court. He has no jurisdiction to enter a decree, but the decree is entered by the court. Provision is made for exceptions to the commissioner's findings, which are heard and determined by the court, and the decree only becomes final after it is settled by the superior court in accordance with the procedure prescribed therein. The most important difference between the

authority of the commissioner in such instance and that of a referee or master is that the commissioner has original jurisdiction to initiate the proceeding, whereas the referee or master can only determine such issues as are directly referred to him by the court. Both are subject to revision by the court, and in no sense are the commissioner's findings conclusive as to the facts.

The powers of the commissioner under sections 16 to 33, inclusive, should not be confused with the powers of the commissioner upon an application for a permit to appropriate water or to change the point of diversion. Section 7 of the Water Code as amended by the Laws of 1921 expressly provides just what the water commissioner may do upon the application for a permit. He has authority to investigate, to determine whether in his judgment the appropriation applied for would conflict with vested rights, authority to determine whether or not he thinks the water applied for can be put to a beneficial use. He takes this up in a summary way, and if he decides to refuse the permit the applicant has a right to appeal; but as stated in the former opinion, the commissioner in this case under the procedure adopted had no jurisdiction to settle and determine the relative rights of the appellant, and the appellee to the water of the Verde River. The only party before the commissioner, except as a matter of courtesy, was the United Verde Copper Company, and the commissioner certainly could have no jurisdiction to determine in a summary manner the rights of two different appropriators. One expression in the former opinion may perhaps be misleading. We used the words:

"This appearance would not give the Commissioner jurisdiction either of the subject matter or the parties for any purpose except to grant or deny the permit."

The expression is correct as to the commissioner's final decision. He had no jurisdiction over the appellant in this case and only jurisdiction of the subject matter in so far that he might make inquiries into the situation and either grant or deny the permit. If his inquiries lead him to the conclusion that he should deny the permit, then the applicant is given the right of appeal under section 11. If he grants the permit, his action is absolutely void in so far as it conflicts with vested rights. An objector before the commissioner is not bound by his action in granting the permit.

The appellee in contending that section 52 provided for an appeal from the order of the water commissioner by the appellant in this case is in error. Section 52 reads as follows:

"The decisions of the commissioner shall be subject to appeal to the court, as heretofore prescribed, which appeal shall be governed by the practice of suits in equity, unless otherwise provided herein." Laws 1919, c. 164.

The words "as heretofore prescribed" refer to section 11 in so far as the procedure involved in this case is concerned. This procedure is entirely different from the procedure under sections 16 to 33, inclusive, which is prescribed for the determination of the relative rights of water users to the waters of a stream. There is no provision in section 11 for an appeal by one who is aggrieved by any action of the water commissioner, except the applicant for a permit.

The petition for rehearing is denied.

McALISTER, C. J., and ROSS, J., concur.