Ronald MILLER et al., Appellants,

v.

Robert W. JENNINGS et al., Appellees.

No. 16135.

United States Court of Appeals
Fifth Circuit.

April 12, 1957.

W. Morgan Hunter, Austin, Tex., Theodore Andress, El Paso, Tex. (Andress, Lipscomb, Peticolas & Fisk, El

Paso, Tex., Powell, Wirtz, Rauhut & McGinnis, Austin, Tex., of counsel), for appellants.

Eugene T. Edwards, El Paso, Tex., William H. Veeder, David R. Warner, Alfred H. O. Boudreau, Jr., Dept. of Justice, Washington, D. C., Perry W. Morton, Asst. Atty. Gen., Wm. Monroe Kerr, Asst. U. S. Atty., Louis A. Scott, El Paso, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., Holvey B. Williams, Asst. U. S. Atty., El Paso, Tex., for appellees.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

Again this court has for decision another of the frequently recurring controversies resulting from the drouth in the watershed of the upper Rio Grande. The appellants, who were plaintiffs below, are Hudspeth County Conservation & Reclamation District No. 1, a municipal corporation under Texas law; and five individuals who are landowners and water users in the Hudspeth District, and who assert that they are members of and represent a class of about 90 other landowner water users in the District. They brought an action in the District Court of Hudspeth County, Texas, against Robert W. Jennings, Regional Director of the Bureau of Reclamation, W. F. Resch, Project Manager of the Rio Grande Reclamation Project; El Paso County Water Improvement District No. 1, a Texas municipal corporation lying northwesterly of and upstream from the Hudspeth District; N. B. Phillips, Manager of the El Paso District; eleven individuals resident in Texas who are the owners of land below the Elephant Butte Dam and above the El Paso-Hudspeth County line claiming irrigation rights in the waters of the Rio Grande and alleged to represent over a thousand others, some residents of Texas and some residing in New Mexico, who are of like situation; and against the United States.

The Rio Grande Reclamation Project, as appears from the record before us, is operated by the United States for the purpose of impounding and distributing the waters of the upper Rio Grande, primarily for irrigation purposes. The waters are impounded at Elephant Butte Dam in Elephant Butte Reservoir, about 125 miles north of and upstream from the City of El Paso. The waters are distributed through a series of ditches. Seepage and return flow waters are used and sometimes reused. The project serves an area extending from the dam and reservoir to or nearly to Fort Quitman, Texas, about 85 miles southeast of and downstream from El Paso. Nearly all the lands served or intended to be served by the Project are within the confines of an irrigation district, of which there are three in number. The farthest upstream of these is the Elephant Butte Irrigation District of New Mexico, lying wholly in New Mexico. The farthest downstream of the districts is the Hudspeth District, a plaintiff in this action, situated in Hudspeth County, Texas. Between these is the El Paso District, a defendant, situate in El Paso County, Texas.

The action, instituted in the District Court of Hudspeth County, Texas, was removed to the United States District Court for the Western District of Texas pursuant to 28 U.S.C.A. §§ 1441, 1442, 1446.

Seeking declaratory and injunctive relief, the plaintiffs by their petition assert that there are seven controversies between them and the defendants. The totality of the averments sets forth the plaintiffs' claim that they have rights to water of which they are being or will be deprived by or through acts and conduct of the defendants. Of these controversies the first is as to the effect of and priorities under the laws of Texas relating to appropriative water rights; the second relates to rights in drainage waters; the third raises the question as to whether methods of financing of facilities can affect water rights; the fourth and fifth call for construction of the Warren Act, 43 U.S.C.A. § 523 et seq.; the sixth asserts that the

upper Rio Grande usually has a normal measurable flow to which riparian rights attach; and by the seventh it is contended that the consumption of water for generating electric power is an unlawful invasion of the rights of users of water for irrigation. Motions to dismiss were filed by all defendants and a number of grounds were assigned, among them being the ground that the United States had not consented to be sued nor in any way waived its sovereign immunity from suits of the character here involved. On this ground the motion was sustained and the plaintiffs' complaint was dismissed. The other grounds of the motions were not passed upon. Whether the district court erred in dismissing the complaint is the question presented to us on this appeal.

Substantially the same relief was sought by substantially the same plaintiffs in a suit against the Regional Director of Reclamation, the Project Manager, individuals as class representatives of land-owning water users and against El Paso County Water Improvement District No. 1. The suit was disposed of by the direction of this Court that it be dismissed for want of jurisdiction because it was, in essence, a suit against the United States which had not given its consent to being sued. Hudspeth County Conservation & Reclamation District No. 1 v. Robbins, 5 Cir., 1954, 213 F.2d 425. In the case before us the United States is named as a defendant and its waiver of immunity from suit is asserted under an Act of Congress of 1952 by which it is provided:

"Consent is given to join the United States as a defendant in any suit (1) for the adjudication of rights to the use of water of a river system or other source, or (2) for the administration of such rights, where it appears that the United States is the owner of or is in the process of acquiring water rights by appropriation under State law, by purchase, by exchange, or otherwise, and the United States is a necessary party to such suit. The United States, when a party to any such

suit, shall (1) be deemed to have waived any right to plead that the State laws are inapplicable or that the United States is not amenable thereto by reason of its sovereignty, and (2) shall be subject to the judgments, orders, and decrees of the court having jurisdiction, and may obtain review thereof, in the same manner and to the same extent as a private individual under like circumstances: *Provided,* That no judgment for costs shall be entered against the United States in any such suit." 43 U.S.C.A. § 666.

■■ The United States has not given its consent to be joined as a defendant in every suit involving water rights. It may be made a party only in suits "for the adjudication of rights to the use of water of a river system or other source." There can be an adjudication of rights with respect to the upper Rio Grande only in a proceeding where all persons who have rights are before the tribunal. The Ninth Circuit Court of Appeals has most succinctly stated the doctrine in this manner:

"The only proper method of adjudicating the rights on a stream, whether riparian or appropriative or mixed, is to have all owners of lands on the watershed and all appropriators who use water from the streams involved in another watershed in court at the same time." People of the State of California v. United States, 9 Cir., 1956, 235 F.2d 647, 663. See Pacific Live Stock Co. v. Lewis, 241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084.

The same rule has been announced by the Texas courts. It has been held that:

"It would be contrary to the fundamental principles of justice to enjoin the diversion and delivery of the water by the water district to these persons, thereby depriving them of its use, without their joinder in the suit, and being afforded an opportunity to assert and protect their rights. Such procedure would be contrary to the rule quoted, for they

**160**

are interested in the object of the suit, and such a decree would directly affect their interests." Wilson v. Reeves County Water Improvement District No. 1, Tex.Civ.App., 256 S.W. 346, 347. See Watkins Land Co. v. Clements, 98 Tex. 578, 86 S.W. 733, 70 L.R.A. 964, 107 Am. St.Rep. 653.

We are of the belief that the proceeding is not a suit for the adjudication of "rights to the use of water of a river system or other source". The United States was improperly joined and is a necessary party for a determination of the issues presented. The order of dismissal was properly entered and will be affirmed.

It is urged by the plaintiffs that all persons having any interest in the subject matter of the suit are parties to the suit or are members of a class represented by parties to the suit. The same contention was ably argued, carefully considered, and rejected in Martinez v. Maverick County Water Control & Improvement District No. 1, 5 Cir., 1955, 219 F.2d 666. There, as here, a suit was brought for a declaratory judgment as to water rights. There the plaintiffs asked for a decree reserving the right to plaintiffs to apply for injunctive relief. Here the plaintiffs pray for a declaration of their rights and for an injunction. This difference does not create a distinction. There it was said:

"The declaratory judgment would be binding only on those parties actually before the court; each new party asserting his rights in the waters of the river, in the same or any other court, would have the right to relitigate the questions already adjudged as between those before the court." Martinez v. Maverick County Water Control and Improvement Dist. No. 1, 5 Cir., 1955, 219 F.2d 666, 672.

The district court did not consider nor do we need consider the other questions raised. The district court's judgment is Affirmed.

CAMERON, Circuit Judge, dissents.