Patrick T. **HURLEY**, Plaintiff,

The United States of America, Intervenor,

v.

Charles F. **ABBOTT** et al., Defendants.

Nos. Civ-2665-Phx., Civ-2666-Phx.

United States District Court
D. Arizona.

July 7, 1966.

Walter Kiechel, Jr., Lands & Natural Resources Division, Department of Justice, Washington, D. C., William P. Copple, U. S. Atty., by Richard S. Allemann, Asst. U. S. Atty., for intervenor.

Irving A. Jennings, Jennings, Strouss, Salmon & Trask, Phoenix, Ariz., for petitioner.

OPINION AND ORDER

CRAIG, District Judge.

Intervenor's motion to dismiss the petition of the Salt River Valley Water User's Association to enlarge the decree entered in this case in the District Court of the Third Judicial District of the Territory of Arizona, in and for the County of Maricopa, March 1, 1910, commonly known as the Kent Decree, was heard by this Court February 11, 1966, and taken under advisement at that time.

The Court being fully advised in the premises, it is ordered that the motion of the Intervenor, United States of America, be granted and that the petition of the Association be dismissed without prejudice.

The Court is of the opinion that it is without jurisdiction to enlarge the Kent Decree as requested by petitioner without joinder of all those interested parties in the Verde River watershed whose rights of appropriation were left unsettled by the original Decree. The Ninth Circuit has stated that the only proper method of adjudicating the rights on a stream is to have all owners of lands in the watershed and all appro-

priators not in the watershed in court at the same time. People of State of California v. United States (CCA9 1956) 235 F.2d 647, at 663. Due to the *inter sese* nature of appropriative rights the extent of the rights of others must depend on the rights of one user, and vice versa, with the result that the owners of the parcels outside the Kent Decree are not a class, and *all* must be made a party to the suit. Rule 23 F.R.Civ.P.; State of California v. Rank (CCA9 1961) 293 F.2d 340, at 348, following Miller v. Jennings, 5 Cir., 243 F.2d 157, at 160.

■ On page 8 of the Kent Decree there is ample indication that Hurley v. Abbott was considered by all parties to be a suit to quiet title for *all* the users of the Salt and Verde Rivers. Cf. Taylor v. Tempe Irrigating Canal Co., 21 Ariz. 574, 193 P. 12 at 14. On this basis the Association has been held able to represent the parties to the Kent Decree, both as to its own shareholders and to those lands to which water is delivered in its canals, by the Arizona Supreme Court in Salt River Valley Water User's Ass'n v. Norviel, 29 Ariz. 360, 241 P. 503, at 508; rehearing den. 29 Ariz. 499, 242 P. 1013, decided in 1926. The voluntary intervention of the United States in this case, as indicated in its Answer and Cross Complaint filed on August 31, 1907, paragraph XI–5, p. 7, was for the purpose of establishing all appropriative rights on the Salt and Verde Rivers. In an analogous situation, when the United States, as trustee of the San Carlos Indian Reservation sought to settle its right to appropriate waters of the Gila River, and to thereby effect the rights of all users, the Court held all the users in both New Mexico and Arizona were necessary parties to the action to quiet title. The jurisdiction of the Arizona District Court to decide the appropriative rights of all appropriating parties was upheld, notwithstanding the fact that some of the lands were in the District of New Mexico. Gila River Irrigation District v. United States (CCA9 1941) 118 F.2d 507; decree enforcement upheld in Brooks v.

United States (CCA9 1941) 119 F.2d 636, at 640. (Cf. State of Arizona v. State of California, 376 U.S. 340, at 352, 84 S.Ct. 755, 11 L.Ed.2d 757.) Thus the United States would appear to be a party to any properly initiated enlargement proceeding of the Kent Decree by virtue of its initial intervention.

■ There is authority to the effect that the United States may be joined in a properly initiated proceeding to determine the appropriative rights of an entire watershed, under 43 U.S.C. § 666. For petitioner Association to rely on this authority, however, all landowners in the watershed, or who appropriate from it, must be or have been joined, and prayer must be made for an adjudication of each of their respective rights. Dugan v. Rank, 372 U.S. 609, 83A S.Ct. 999, at 1005, 10 L.Ed.2d 15 (1963).